**McGLINCHEY STAFFORD**
Kevin S. Kim (SBN 275200)
Brian A. Paino (SBN 251243)
18201 Von Karman Avenue, Suite 350
Irvine, California 92612
Telephone:   (949) 381-5900
Facsimile:   (949) 271-4040
Email:       kkim@mcglinchey.com
             bpaino@mcglinchey.com

Attorneys for Defendants
**THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., F/K/A THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR-IN-INTEREST TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR MASTR ADJUSTABLE RATE MORTGAGE TRUST 2005-2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-2 AND  OCWEN  LOAN SERVICING, LLC**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE A. JACKSON, an individual; and KEVIN C. BUTLER and ANITA A. BUTLER, as Trustees of the 1990 Butler Family Trust,<br><br>               Plaintiffs,<br><br>     v.<br><br>OCWEN LOAN SERVICING, LLC; WESTERN PROGRESSIVE, LLC; THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. f/k/a The Bank of New York Trust Company, N.A., as successor-in-interest to JPMorgan Chase Bank, N.A., as Trustee for MASTR Adjustable Rate Mortgages Trust 2005-2, Mortgage Pass-Through Certificates, Series 2005-2; and, DOES 1-30, Inclusive,<br><br>               Defendants. | Case No.:  3:17-cv-00383-SK<br><br>Hon. Magistrate Judge Sallie Kim<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT BY DEFENDANTS THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., F/K/A THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR-IN-INTEREST TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR MASTR ADJUSTABLE RATE MORTGAGE TRUST 2005-2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-2 AND OCWEN LOAN SERVICING, LLC**<br><br>*[Filed concurrently with Notice of Motion, Request for Judicial Notice, and [Proposed] Order]*<br><br>**DATE:     May 15, 2017**<br>**TIME:     9:30 a.m.**<br>**CRTM.:   A**<br><br>State Court Case No. CIV1604583<br>Action Filed:  December 21, 2017<br>Trial Date:    N/A |

1  Defendants The Bank of New York Mellon Trust Company, N.A., F/K/A The
2  Bank of New York Trust Company, N.A., as Successor-In-Interest to JPMorgan
3  Chase Bank, N.A., as Trustee For MASTR Adjustable Rate Mortgage Trust 2005-2,
4  Mortgage Pass-Through Certificates, Series 2005-2 ("BONY") and Ocwen Loan
5  Servicing, LLC ("Ocwen") (collectively, "Defendants") hereby submit the following
6  Memorandum of Point and Authorities in support of their Motion to Dismiss the First
7  Amended Complaint ("FAC") of  Plaintiffs Julie A. Jackson ("Jackson"), Kevin C.
8  Butler ("K. Butler"), and Anita A. Butler ("A. Butler") (collectively, "Plaintiffs").

9  **Statement of Issues to Be Decided**

10  Whether Plaintiffs state any claims upon which relief can be granted.

**MEMORANDUM OF POINTS AND AUTHORITIES**

878200.1

## **TABLE OF CONTENTS**

I.    INTRODUCTION ............................................................................................. 1

II.   STATEMENT OF FACTS .............................................................................. 2

    A.    The First Lien ...................................................................................... 2

    B.    The Second Lien .................................................................................. 2

    C.    The Third Lien ..................................................................................... 3

    D.    Plaintiffs Obtain Title to the Subject Property After Recordation of the NOD ............................................................................................ 3

III.  LEGAL PROCEEDINGS .............................................................................. 4

IV.   APPLICABLE LEGAL STANDARDS ......................................................... 4

V.    DISCUSSION ................................................................................................. 5

    A.    Plaintiffs Fail to State a Claim for Violation of HBOR (First, Second, Third,  and Fourth Claims) ................................................... 5

        1.    Plaintiffs fail to state a claim for relief under HBOR because they are not borrowers on the Third Loan. ...................... 5

        2.    Plaintiffs fail to state a claim for relief under HBOR because the Third Loan is not a first lien mortgage or deed of trust or owner-occupied. ........................................................ 7

        3.    Plaintiffs fail to state a claim for violation of California Civil Code Section 2923.55 (Third Claim) ......................................... 8

        4.    Plaintiffs fail to state a claim for violation of California Civil Code Section 2923.7 (Second Claim) ....................................... 10

        5.    Plaintiffs fail to state a claim for violation of California Civil Code Section 2924.9 (Fourth Claim) ...................................... 11

        6.    Plaintiffs fail to state a claim for violation of California Civil Code Section 2924.17 (First Claim). ...................................... 12

    B.    Plaintiffs Fail to State a Claim for Violation of the UCL (Sixth Claim) ................................................................................................. 14

        1.    Plaintiffs lack standing under the UCL. ................................... 15

        2.    Unlawful ................................................................................... 15

        3.    Fraudulent ................................................................................. 16

        4.    Unfair ........................................................................................ 16

1

C.      The FAC Should be Dismissed Without Leave to Amend ...................... 17

VI.    CONCLUSION ................................................................................................ 18

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

855677.1

# <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

*Agbowo v. Nationstar Mortgage LLC*,
2014 WL 1779367 (N.D. Cal. 2014) ........................................................................8

*Banuelos v. Nationstar Mortgage, LLC*,
2014 WL 1246843 (N.D.Cal. 2014) ..........................................................................8

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ..................................................................................................4

*Bingham v. Ocwen Loan Servicing, LLC*,
2014 WL 1494005 (N.D. Cal. 2014) ........................................................................5

*Cordero v. U.S. Bank, N.A.*,
2014 WL 4658757 (S.D. Cal. 2014) .........................................................................9

*Corral v. Select Portfolio Servicing, Inc.*,
2014 WL 3900023 (N.D. Cal. 2014) ....................................................................7, 8

*Coury v. Caliber Home Loans, Inc.*,
2016 WL 6962882 (N.D. Cal. 2016) ........................................................................5

*Doe v. United States*,
58 F.3d 494 (9th Cir. 1995) .....................................................................................17

*Green v. Cent. Mortg. Co.*,
148 F. Supp. 3d 852 (N.D. Cal. 2015) ...................................................................13

*Hosseini v. Wells Fargo Bank, N.A.*,
2013 WL 4279632 (N.D. Cal. 2013) ........................................................................6

*HPG Corp. v. Aurora Loan Servs., LLC*,
436 B.R. 569 (E.D. Cal. 2010) .................................................................................4

*In re Facebook PPC Advertising Litigation*,
2010 WL 3341062 (N.D. Cal. 2010) ......................................................................16

*Johnson v. SunTrust Mortgage, Inc.*,
2014 WL 3845205 (C.D. Cal. 2014) ...................................................................9, 10

*Kearns v. Ford Motor Co.*,
567 F. 3d 1120 (9th Cir. 2009) ...............................................................................16

*Keledjian v. Nationstar Mortg. LLC*,
2015 WL 12745841 (C.D. Cal. 2015) .......................................................................6

*Leadsinger, Inc. v BMG Music Publ'g*,
512 F.3d 522 (9th Cir. 2008) ....................................................................................5

*Lee v. City of Los Angeles*,
250 F.3d 668 (9th Cir. 2001) ....................................................................................4

**TABLE OF AUTHORITIES**
855677.1

*Mullis v. United States Bank. Ct.*,
   828 F.2d 1385 (9th Cir. 1987) ................................................................. 5

*Salcido v. Vericrest Fin. & Summit Mgmt. Co. LLC*,
   No. C 13-3450 SBA, 2013 WL 5946090 (N.D. Cal. 2013) ................................. 6, 7

*Swartz v. KPMG LLP*,
   476 F. 3d 756 (9th Cir. 2007) ................................................................. 16

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ................................................................. 13

*Winding v. Ndex W., LLC*,
   2011 WL 1897418 (E.D. Cal. 2011) ........................................................... 7

State Cases

*Berryman v. Merit Prop. Mgmt., Inc.*,
   152 Cal. App. 4th 1544 (2007) ................................................................. 15

*Buckland v. Threshold Enterprises, Ltd.*,
   155 Cal. App. 4th 798 (2007) ................................................................. 15

*Camacho v. Auto. Club of S. California*,
   142 Cal. App. 4th 1394 (2006) ................................................................. 17

*Cel–Tech Comms., Inc. v. Los Angeles Cellular Telephone Co.*,
   20 Cal. 4th 163 (1999) ................................................................. 15

*Daro v. Superior Court*,
   151 Cal. App. 4th 1079 (2007) ................................................................. 15

*Haynes v. EMC Mortgage Corp.*,
   205 Cal. App. 4th 329 (2012) ................................................................. 14

*Henley v. Hotaling*,
   41 Cal. 22 (1871) ................................................................. 14

*Krantz v. BT Visual Images*,
   89 Cal. App. 4th 164 (2001) ................................................................. 15

*Kwikset Corp. v. Superior Court*,
   51 Cal. 4th 310 (2011) ................................................................. 15

*McKell v. Washington Mutual, Inc.*,
   142 Cal. App. 4th 1457 (2006) ................................................................. 16

*Scripps Clinic v. Superior Court*,
   108 Cal. App. 4th 917 (2003) ................................................................. 16

*Seidell v. Tuxedo Land Co.*,
   216 Cal. 165 (1932) ................................................................. 14

State Statutes

Cal. Bus. & Prof. Code § 17204 .................................................................15

Cal. Bus. & Prof. Code § 17200 ........................................................2, 14, 16

Cal. Civ. Code § 2936.................................................................................14

Cal. Civ. Code § 2923.55................................................................8, 9, 12, 13

Cal. Civ. Code § 2923.7...............................................................................10

Cal. Civ. Code § 2924(a)(6)..........................................................................4

Cal. Civ. Code § 2924.12...........................................................................5, 6

Cal. Civ. Code § 2924.17....................................................................12, 13, 14

Cal. Civ. Code § 2924.9.........................................................................11, 12

Cal. Civ. Code § 2924.12 (a)(1) .....................................................................5

Cal. Civ. Code § 2924.15 (a) ...........................................................7, 8, 9, 13

Cal. Civ. Code § 2920.5 (c)(1) .......................................................................6

Cal. Civ. Code § 2920.5(d) ............................................................................7

Cal. Civ. Code § 2923.55(a)(1) ......................................................................8

Cal. Civ. Code § 2923.7(a) ...........................................................................10

Cal. Civ. Code § 1214 and 1107 .....................................................................7

Cal. Civ. Code § 2924.17(a) – (b) .................................................................12

Federal Rules

Fed. R. Civ. Proc. 12(b)(6) ............................................................................4

Fed. R. Civ. Proc. 9(b) ................................................................................16

Federal Rules of Civil Procedure ( ................................................................4

**TABLE OF AUTHORITIES**

855677.1

1

## I.      **INTRODUCTION**

2

3      This lawsuit arises from non-judicial foreclosure proceedings initiated on the

4      Subject Property[1] as a result of a $552,000 mortgage loan that has been in default as

5      of **March 1, 2008**.  However, Plaintiffs Julie A. Jackson ("Jackson"), Kevin C. Butler

6      ("K. Butler"), and Anita A. Butler ("A. Butler") (collectively, "Plaintiffs") are not the

7      borrowers on the loan.  They obtained title to the Subject Property from the borrowers

8      subject to several liens but never obtained consent to assume the loan from

9      Defendants The Bank of New York Mellon Trust Company, N.A., F/K/A The Bank of

10     New York Trust Company, N.A., as Successor-In-Interest to JPMorgan Chase Bank,

11     N.A., as Trustee For MASTR Adjustable Rate Mortgage Trust 2005-2, Mortgage

12     Pass-Through Certificates, Series 2005-2 ("BONY") and Ocwen Loan Servicing, LLC

13     ("Ocwen") (collectively, "Defendants"), the owner and servicer of the loan.

14     Nevertheless, Plaintiffs attempt to stand in the shoes of the borrowers and advance

15     claims against Defendants in an effort to enjoin foreclosure of the Subject Property.

16           Defendants filed a Motion to Dismiss the initial Complaint on March 3, 2017.

17     Rather than opposing the motion, Plaintiffs filed the First Amended Complaint

18     ("FAC") which essentially re-pleads in verbatim the same defective claims alleged in

19     the initial Complaint.  Plaintiffs simply have no legal or factual grounds for their

20     claims.

21           To start, Plaintiffs' first, second, third, and fourth claims brought under

22     California's Homeowner Bill of Rights ("HBOR") fail as a matter of law because

23     Plaintiffs are not "borrowers' as defined under the statute.  Likewise, the loan at issue

24     is not a covered loan under HBOR because it is not a first lien mortgage or deed of

25     trust -- it's the **third** lien in priority.

---

[1] The residential property located at 291 San Carlos Way, Novato, California 94945 is herein referenced as the "Subject Property."

**MEMORANDUM OF POINTS AND AUTHORITIES**

CASE NO. 3:17-cv-00383-SK

855677.1

1    Likewise, Plaintiffs lack standing to bring a claim under California's Unfair

2    Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq., because they

3    have not suffered an economic injury.  Even if Plaintiffs had standing, Plaintiffs'

4    claim lacks merit because Plaintiffs fail to establish a viable antecedent claim, unfair

5    business practices, or allege particularized facts to support a claim under the "fraud"

6    prong of the statute.

7        In sum, Plaintiffs' claims are factually deficient and fail as a matter of law.

8    Further, it is apparent that  the deficiencies detailed herein are incurable by

9    amendment given the fact that Plaintiffs reiterate the same defective allegations from

10   their initial Complaint in their FAC.  Defendants, therefore, respectfully request that

11   the Court grant their Motion, with prejudice and without leave to amend.

12   **II.    STATEMENT OF FACTS**

13       **A.    The First Lien**

14       On or about March 12, 1997, Christian J. Mueller and Susan R. Mueller

15   ("Borrowers") obtained a mortgage loan (the "First Loan") from Advanta National

16   Bank USA in the original principal sum of $120,000, which was reflected in a

17   promissory note secured by a deed of trust (the "First DOT or First Lien")

18   encumbering the Subject Property.  *See* Request for Judicial Notice, ("RJN"), Exhibit

19   1.  The First DOT was recorded in the County Recorder's Office, Marin County,

20   California on March 28, 1997.  *Id.*

21       **B.    The Second Lien**

22       On November 14, 1997, Borrowers obtained another mortgage loan (the

23   "Second Loan") from Beneficial Management Corporation of America in the original

24   principal sum of $35,000, which was reflected in a promissory note secured by a deed

25   of trust (the "Second DOT or Second Lien") encumbering the Subject Property.  RJN,

26   Ex. 2.  The Second DOT was recorded in the County Recorder's Office, Marin

27   County, California on November 24, 1997.  *Id.*

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

855677.1

C.    **The Third Lien**

On December 22, 2005, Borrowers obtained the mortgage loan (the "Third Loan") at issue in this case from GreenPoint Mortgage Funding, Inc. ("GreenPoint") in the original principal sum of $552,000, which was reflected in a promissory note (the "Note") secured by a deed of trust (the "Third DOT or Third Lien") encumbering the Subject Property.  FAC, ¶ 13(a); RJN, Ex. 3.  Mortgage Electronic Registration Systems, Inc. ("MERS") was designated as the beneficiary under the Third DOT solely as nominee for the lender, and the lender's successors and assigns.  *Id.*  The Third DOT was recorded in the County Recorder's Office, Marin County, California on December 30, 2004.  *Id.*

On April 4, 2016, a Grant Deed was recorded reflecting the transfer of the Subject Property from the Borrowers to the Butler Group, Inc. and Jackson P.I. Services, Inc., each transferee holding a 50% interest. RJN, Ex. 4.

On June 13, 2016, non-judicial foreclosure proceedings commenced on the Third Lien with the recordation of a Notice of Default ("NOD").  RJN, Ex. 5. The NOD was based on Borrowers' failure to make payments on their Third Loan past due since ***March 1, 2008***.  *Id.*

D.    **Plaintiffs Obtain Title to the Subject Property After Recordation of the NOD**

Following the recordation of the NOD, on or about July 28, 2016, the Subject Property was transferred to Plaintiffs via a second Grant Deed.  RJN, Ex. 6.

On November 29, 2016, a Notice of Trustee's Sale ("NOS") was recorded noticing a trustee's sale scheduled for January 4, 2017.  RJN, Ex. 7.

Plaintiffs do not allege that the Subject Property has been sold at a trustee's sale.  *See generally*, FAC.

///

///

///

**MEMORANDUM OF POINTS AND AUTHORITIES**

### III.    LEGAL PROCEEDINGS

On December 21, 2016, Plaintiffs filed their Complaint in the Marin County Superior Court seeking enjoin non-judicial foreclosure.  BONY removed the action to this Court on January 25, 2017.  Dkt. No. 1.

On March 3, 2017, Defendants filed a Motion to Dismiss the Complaint which was set to be heard on April 17, 2017.

On March 16, 2017, Plaintiffs filed the instant FAC abandoning their claim for violation of California Civil Code Section 2924(a)(6), but otherwise reiterating the same claims and allegations in verbatim from their initial Complaint.

### IV.    APPLICABLE LEGAL STANDARDS

Pursuant to Federal Rules of Civil Procedure ("Rule") 8(a)(2), a plaintiff must plead "a short and plain statement of the claim showing that the pleader is entitled to relief[.] . . ."  Mere conclusions and "formulaic recitations of the elements of a cause of action" are insufficient to state a claim for relief.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *Twombly,* 550 U.S. at 555-56.  In order to survive a Rule 12(b)(6) pleadings challenge, a complaint must state a claim for relief that is "plausible on its face."  *Id.,* at 570.

In determining a motion to dismiss, the Court may consider documents outside the pleadings without converting the motion into a summary judgment.  Among other things, the Court may consider documents that are "properly submitted as part of the complaint," documents on which plaintiff's complaint necessarily relies and whose authenticity is not contested, and matters of public record.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001); *see also HPG Corp. v. Aurora Loan*

1  *Servs., LLC*, 436 B.R. 569, 576 (E.D. Cal. 2010) (taking judicial notice of "deeds of

2  trust, the substitutions of trustee, the notice of default, and the trustee's deeds upon

3  sale").  A court need not accept as true allegations in a complaint that contradict facts

4  which may be judicially noticed by the court.  *Mullis v. United States Bank. Ct.*, 828

5  F.2d 1385, 1388 (9th Cir. 1987).

6  Where amendment would unduly prejudice the opposing party, cause undue

7  delay, or be futile, or if the moving party has acted in bad faith, leave to amend should

8  be denied. *See Leadsinger, Inc. v BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir.

9  2008).

10  As provided in detail below, Plaintiffs fail to state any actionable claims against

11  Defendants.

12  **V.    DISCUSSION**

13  **A.    Plaintiffs Fail to State a Claim for Violation of HBOR (First, Second,**

14  **Third,  and Fourth Claims)**

15  Plaintiffs allege four claims under the provisions of HBOR against Defendants.

16  FAC, ¶¶ 20-44.  As detailed below, Plaintiffs cannot state a claim under HBOR

17  because they are not borrowers as defined under the statute and the Third Loan at

18  issue in this lawsuit is not a covered loan under HBOR.

19  **1.    Plaintiffs fail to state a claim for relief under HBOR because**

20  **they are not borrowers on the Third Loan.**

21  California Civil Code Section 2924.12 provides the exclusive statutory scheme

22  for addressing HBOR violations.  However, Section 2924.12 only provides remedies

23  for a  borrower as defined under HBOR.  *See*  California Civil Code § 2924.12 (a)(1)

24  ("If a trustee's deed upon sale has not been recorded, *a borrower* may bring an action

25  for injunctive relief ….") (emphasis added); *see also Coury v. Caliber Home Loans,*

26  *Inc.*, 2016 WL 6962882, at *2 (N.D. Cal. Nov. 29, 2016) ("Section 2924.12 creates

27  remedies for violations of HBOR."); *Bingham v. Ocwen Loan Servicing, LLC*, 2014

28  WL 1494005, at *4 (N.D. Cal. Apr. 16, 2014) (same).  A "borrower" is defined as

"any natural person who is a ***mortgagor*** or ***trustor*** and who is potentially eligible for any federal, state, or proprietary foreclosure prevention alternative program offered by, or through, his or her mortgage servicer."  Civil Code § 2920.5 (c)(1) (emphasis added).

Here, Plaintiffs are not entitled to any relief under Section 2924.12 because they are not borrowers as defined under HBOR.  In particular, Plaintiffs are neither the mortgagors nor trustors under the Third DOT, and none of the Plaintiffs are named as a trustor or mortgagor in the Third DOT.  RJN, Ex. 3; *See e.g.*, *Keledjian v. Nationstar Mortg. LLC*, 2015 WL 12745841, at *4 (C.D. Cal. May 19, 2015) ("Because Mr. Keledjian was not a party to the loan at issue, he is not a borrower for purposes of the statute."); *Salcido v. Vericrest Fin. & Summit Mgmt. Co. LLC*, No. C 13-3450 SBA, 2013 WL 5946090, at *3 (N.D. Cal. Nov. 5, 2013) ("[T]he Deed of Trust clearly states that Vasquez, not Plaintiff, is the borrower. Since Plaintiff is not—and does not claim to be—the borrower, he is not entitled to the protections of section 2923.5."); *Hosseini v. Wells Fargo Bank, N.A.*, 2013 WL 4279632, at *5 (N.D. Cal. Aug. 9, 2013) (dismissing HBOR claim as to one of the plaintiffs because judicially-noticeable deed of trust did not name the plaintiff as trustor-borrower).  Moreover, Plaintiffs' title to the Subject Property is inapposite, and does not render Plaintiffs "borrowers" for purposes of HBOR.  *Salcido v. Vericrest Fin. & Summit Mgmt. Co. LLC*, No. C 13-3450 SBA, 2013 WL 5946090, at *3 (N.D. Cal. Nov. 5, 2013) (determining plaintiff is not a borrower because, even though he obtained interest in the property, he was not named as a trustor under the applicable deed of trust). Likewise, Plaintiffs' allegations that they obtained a "'Power of Attorney" executed by Borrowers merely suggests that they were agents on behalf of the Borrowers, ***not*** a "borrower" as defined under HBOR.  FAC, ¶ 14 (n).

Pursuant to the Third DOT, Plaintiffs were required to obtain consent from BONY to assume the Loan.  RJN, Ex. 3, ¶13 ("[A]ny Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in

writing, ***and is approved by Lender***, shall obtain all of Borrower's rights and benefits under this Security Instrument.") (emphasis added).   Here, Plaintiffs do not (and cannot) allege that they obtained consent from BONY to assume the Third Loan from the Borrowers.

In sum, Plaintiffs cannot avail themselves of the provisions of HBOR because they are not borrowers on the Third Loan.   Plaintiffs first, second, third, and fourth, claims under HBOR fail as a matter of law and should be dismissed without leave to amend.

> **2.** **Plaintiffs fail to state a claim for relief under HBOR because the Third Loan is not a first lien mortgage or deed of trust or owner-occupied.**

Plaintiffs also cannot advance a claim under HBOR because the Third Loan is not a loan covered under HBOR.

Pursuant to Civil Code Section 2924.15 (a), the enumerated provisions of HBOR, including Sections 2923.55, 2923.7, and 2924.9, "apply only to ***first lien mortgages or deeds of trust*** that are secured by ***owner-occupied residential real property*** containing no more than four dwelling units."   Civil Code § 2924.15 (a) (emphasis added).   "Owner-occupied" is defined as property that is the ***principal residence of the borrower***.   *Id.* ; *see also Corral v. Select Portfolio Servicing, Inc.*, 2014 WL 3900023, at *5 (N.D. Cal., Aug. 7, 2014) ("Section 2924.15 of the HBOR limits its application to owner-occupied homes, meaning that the home is the principal residence of the borrower").   A first lien mortgage or deed of trust is defined as the "***most senior mortgage or deed of trust*** on the property that is subject of the notice of default or notice of sale."   Civil Code § 2920.5(d) (emphasis added).   Under California's "Race Notice" statutes, lien priority is determined by date of recording. Civil Code §§ 1214 and 1107;  *Winding v. Ndex W., LLC*, 2011 WL 1897418, at *3 (E.D. Cal. May 18, 2011), *aff'd,* 543 F. App'x 683 (9th Cir. 2013).

**MEMORANDUM OF POINTS AND AUTHORITIES**

Here, HBOR is inapplicable to the Third Loan because the Third DOT is not the first lien deed of trust on the Subject Property as required under Section 2924.15(a). In particular, judicially-noticeable records confirm two other outstanding liens, i.e., the First and Second DOT, that were recorded in connection with the Subject Property prior to the Third DOT, and never released.  RJN, Exs. 1, 2.  Indeed, nowhere in the FAC do Plaintiffs allege that the Third Lien at issue is the most senior debt and security with respect to the Subject Property because it is not.

Likewise, Plaintiffs cannot plead that the Subject Property is "owner-occupied", i.e., "the principal residence of *the borrower*," because they are not the borrowers on the Third Loan.  *See e.g., Corral v. Select Portfolio Servicing, Inc.*, 2014 WL 3900023, at *4-5 (N.D. Cal., Aug. 7, 2014)  (dismissing HBOR claim due to plaintiffs' failure to plead that the property is their principal residence); *Agbowo v. Nationstar Mortgage LLC* 2014 WL 1779367, at *5 (N.D. Cal., May 5, 2014) (dismissing HBOR claim because plaintiffs failed to allege subject property was owner-occupied); *Banuelos v. Nationstar Mortgage, LLC* 2014 WL 1246843, at *3 (N.D.Cal. Mar. 25, 2014) (same).

Accordingly, Plaintiffs' HBOR claims fail as a matter of law and should be dismissed without leave to amend.

### 3.  Plaintiffs fail to state a claim for violation of California Civil Code Section 2923.55 (Third Claim).

Plaintiffs alleges that Defendants violated Civil Code § 2923.55 by failing to contact them to explore foreclosure alternatives prior to recording the NOD.  FAC, ¶¶ 33-39.

Civil Code § 2923.55(a)(1) prohibits a mortgagee, trustee, beneficiary or authorized agent from filing a notice of default pursuant to Section 2924 until 30 days after initial contact to assess the *borrower's* financial situation and explore alternative options *or* 30 days after satisfying the due diligence requirements as described in subdivision (e).  "There is no requirement Plaintiff be satisfied with the results of the

**MEMORANDUM OF POINTS AND AUTHORITIES**

mortgage servicer's contact, as [Section 2923.55] merely 'contemplates contact and some analysis of the ***borrower's*** financial situation.'"   *Cordero v. U.S. Bank, N.A.*, 2014 WL 4658757, at *3 (S.D. Cal. Sept. 17, 2014); *Johnson v. SunTrust Mortgage, Inc.*, 2014 WL 3845205, at *4 (C.D. Cal. Aug. 4, 2014) (same).  Plaintiffs fail to state a claim for violation of Section 2923.55.

**First**, Section 2923.55 only applies to a "mortgage servicer."  As Plaintiffs admit, BONY is not the mortgage servicer, and therefore, BONY was not required to comply with Section 2923.55.  FAC, ¶ 14(i) ("Plaintiffs learned [] that Ocwen is servicing the Subject Loan.").  Plaintiffs' Section 2923.55 claim fails as to BONY.

**Second,** as discussed above, Plaintiffs are not borrowers on the Third Loan as defined under HBOR and the Third Loan is not a covered loan under HBOR, and therefore, Ocwen was not required to contact (or attempt to contact) Plaintiffs in compliance with Section 2923.55.  Indeed, the declaration attached to the NOD expressly provides that "[t]he mortgage servicer was not required to comply with California Civil Code § 2923.55 because the above-referenced loan is not secured by a first lien mortgage or deed of trust that secures a loan on "owner-occupied" residential real property as defined by California Civil Code § 2924.15(a)."  RJN, Ex. 5.

**Third**, Plaintiffs did not obtain title to the Subject Property until ***after*** the NOD was recorded.  In particular, the NOD was recorded on June 13, 2016, and Plaintiffs obtained title to the Subject Property via Grant Deed on July 28, 2016. RJN, Exs. 5, 6.  Accordingly, Plaintiffs cannot even argue that they were entitled to the benefits of Section 2923.55 as the record-owner of the Subject Property.

In sum, Plaintiffs fail to state a claim for relief under Section 2923.55.  As the legal defects are not subject to cure by amendment, Plaintiffs' Section 2923.55 claim should be dismissed without leave to amend.

1

2

###     4.     <u>**Plaintiffs fail to state a claim for violation of California Civil Code Section 2923.7 (Second Claim).**</u>

3

4

Plaintiffs contend that Defendants failed to appoint them a Single Point of Contact ("<u>SPOC</u>") in violation of Section 2923.7.  FAC, ¶¶ 27-32.

5

6

7

8

9

Section 2923.7 provides that "[u]pon request from a ***borrower*** who requests a foreclosure prevention alternative, the ***mortgage servicer*** shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact."  Civil Code § 2923.7(a) (emphasis added).  Plaintiffs fail to allege a claim under Section 2923.7.

10

11

12

13

**<u>First</u>**, Section 2923.7 only applies to a "mortgage servicer."  As Plaintiffs admit, BONY is not the mortgage servicer, and therefore, BONY was not required to comply with Section 2923.7.  FAC, ¶ 14(i) ("Plaintiffs learned [] that Ocwen is servicing the Subject Loan.").  Plaintiffs' Section 2923.7 claim fails as to BONY.

14

15

16

17

**<u>Second</u>**, as discussed above, Plaintiffs are not borrowers on the Third Loan as defined under HBOR and the Third Loan is not a covered loan under HBOR.  As such, Ocwen was not required to appoint Plaintiffs a SPOC in compliance with Section 2923.7.

18

19

20

21

22

23

**<u>Third</u>**, Plaintiffs' own exhibit attached to the FAC belie their conclusory assertions that Ocwen failed to communicate with them concerning the Third Loan.  FAC, Ex. V.  In particular, Ocwen properly responded to Plaintiffs' communications concerning the Third Loan, and informed Plaintiffs that Ocwen's records had been updated to reflect that Plaintiffs were "authorized to receive and discuss information regarding the loan."  *Id.*

24

25

26

In sum, Plaintiffs simply fail to state a claim for relief under Section 2923.7.  As the legal defects are not subject to cure by amendment, Plaintiffs' Section 2923.7 claim should be dismissed without leave to amend.

27

28

### 5. <u>**Plaintiffs fail to state a claim for violation of California Civil Code Section 2924.9 (Fourth Claim).**</u>

Plaintiffs contend that Defendants violated Section 2924.9 by failing to send them written communication within five days of recording the NOD to inform them that they may be evaluated for foreclosure prevention alternatives.  FAC, ¶¶ 40-44.

Section 2924.9 provides as follows:

> Unless a ***borrower*** has previously exhausted the first lien loan modification process offered by, or through, his or her mortgage servicer described in Section 2923.6, within five business days after recording a notice of default pursuant to Section 2924, a ***mortgage servicer*** that offers one or more foreclosure prevention alternatives shall send a written communication to the ***borrower*** that includes all of the following information:
>
> (1) That the borrower may be evaluated for a foreclosure prevention alternative or, if applicable, foreclosure prevention alternatives.
>
> (2) Whether an application is required to be submitted by the borrower in order to be considered for a foreclosure prevention alternative.
>
> (3) The means and process by which a borrower may obtain an application for a foreclosure prevention alternative.

Civil Code § 2924.9 (emphasis added).

Here, Plaintiffs fail to state a claim for violation of Section 2924.9.

**<u>First</u>**, Section 2924.9 only applies to a "mortgage servicer."  As Plaintiffs admit, BONY is not the mortgage servicer, and therefore, BONY was not required to comply with Section 2924.9.  FAC, ¶ 14(i) ("Plaintiffs learned [] that Ocwen is servicing the Subject Loan.").  Plaintiffs' Section 2924.9 claim fails as to BONY.

**<u>Second</u>**, as discussed above, Plaintiffs are not borrowers on the Third Loan as defined under HBOR and the Third Loan is not a covered loan under HBOR.  As such, Ocwen was not required to send any written communication in compliance with

Section 2924.9 nor were Plaintiffs eligible or entitled to apply for any foreclosure prevention alternatives as non-borrowers.

**Third,** Plaintiffs did not obtain title to the Subject Property until more than a month after the NOD was recorded.  In particular, the NOD was recorded on June 13, 2016, and Plaintiffs obtained title to the Subject Property via Grant Deed on July 28, 2016. RJN, Exs. 5, 6.  As such, even if HBOR was applicable (which it is not), Ocwen was not required to send a correspondence outlining foreclosure preventive options to Plaintiffs, a stranger to the Third Loan and the Subject Property, within five days of the recordation of the NOD.

Accordingly, Plaintiffs' Section 2924.9 claim fails as a matter of law and should be dismissed without leave to amend.

6.     <u>Plaintiffs fail to state a claim for violation of California Civil Code Section 2924.17 (First Claim).</u>

Plaintiffs contend that Defendants violated Section 2924.17(a) – (b) by recording the NOD and NOS which Plaintiffs contend were "fraudulent."  FAC, ¶¶ 20-26.

Section 2924.17 provides as follows:

(a) A declaration recorded pursuant to Section 2923.5 or, until January 1, 2018, pursuant to Section 2923.55, a notice of default, notice of sale, assignment of a deed of trust, or substitution of trustee recorded by or on behalf of a mortgage servicer in connection with a foreclosure subject to the requirements of Section 2924, or a declaration or affidavit filed in any court relative to a foreclosure proceeding shall be accurate and complete and supported by competent and reliable evidence.

(b) Before recording or filing any of the documents described in subdivision (a), a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Civil Code § 2924.17.

**MEMORANDUM OF POINTS AND AUTHORITIES**

1
2
3
4

Because Plaintiffs' Section 2923.17 claim is based on fraud, Plaintiffs must meet the heightened Rule 9(b) pleading standard and Plaintiffs' claim **must be pled with particularity**.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).

5
6

Here, Plaintiffs fail to provide any **facts**, let alone, **particularized facts**, that support their claim that Defendants recorded a fraudulent NOD, and NOS.

7
8
9
10
11
12
13
14

**First**, Section 2924.17 only applies to a "mortgage servicer."  As Plaintiffs admit, BONY is not the mortgage servicer, and therefore, BONY was not required to comply with Section 2924.17.  FAC, ¶ 14(i) ("Plaintiffs learned [] that Ocwen is servicing the Subject Loan."); *Green v. Cent. Mortg. Co.*, 148 F. Supp. 3d 852, 875 (N.D. Cal. 2015) (dismissing Section 2924.17 claim as to beneficiary under the deed of trust because section 2924.17 applies only to mortgage servicers and does not apply to beneficiaries under deeds of trust).  Plaintiffs' Section 2924.17 claim fails as to BONY.

15
16
17
18
19
20
21
22
23
24
25

**Second**, Plaintiffs are not the borrowers and did not even have title to the Subject Property when the NOD was recorded.  As discussed *supra*, the NOD was recorded on June 13, 2016, and Plaintiffs obtained title to the Subject Property via Grant Deed on July 28, 2016. RJN, Exs. 5 and 6.   Likewise, the public records confirm two other liens in higher priority, i.e., the First and the Second Lien, recorded in connection with the Subject Property.  Accordingly, the declaration attached to the NOD that "[t]he mortgage servicer was not required to comply with California Civil Code § 2923.55 because the above-referenced loan is not secured by a first lien mortgage or deed of trust that secures a loan on 'owner-occupied' residential real property as defined by California Civil Code § 2924.15(a)"  was entirely accurate and complete.

26
27
28

**Third**, Plaintiffs fail to offer relevant facts that suggest BONY is not the current owner and beneficiary of the Third Loan.  Plaintiffs' sole factual allegation is a recorded 2009 assignment of the Third DOT to U.S. Bank.  However, Plaintiffs'

13

**MEMORANDUM OF POINTS AND AUTHORITIES**

855677.1

focus on the transfer of the deed of trust is misguided because a recorded assignment of a deed of trust is legally irrelevant for purposes of determining the beneficiary under the applicable loan.  Under California law, the transfer of a promissory note carries with it the security without any formal assignment. *See Henley v. Hotaling*, 41 Cal. 22, 28 (1871); *Seidell v. Tuxedo Land Co*., 216 Cal. 165, 170 (1932); Cal. Civ. Code § 2936.  Put simply, if the applicable note was transferred to BONY, so, too, was the Third DOT, regardless of the purported defects in the assignment of the security instrument, i.e., the Third DOT.  By virtue of the sale of the applicable note to BONY, BONY is necessarily entitled to enforce the Third DOT as a matter of law, without any formal assignment of the instrument.  *See Haynes v. EMC Mortgage Corp*., 205 Cal. App. 4th 329, 336 (2012) ("[W]here a deed of trust is involved, the trustee may initiate foreclosure irrespective of whether an assignment of the beneficial interest is recorded.").  Here, Plaintiffs do not allege that the applicable note was not transferred to BONY.

Accordingly, Plaintiffs' Section 2924.17 fails as a matter of law and should be dismissed without leave to amend.

## B.  Plaintiffs Fail to State a Claim for Violation of the UCL (Sixth Claim)

Plaintiffs' UCL claim is derivative of and predicated on their defective HBOR claims.  In particular, Plaintiffs contend Defendants engaged in "deceptive business practices" by: (i) "advising borrowers that notices of default and notices of trustee['s] sales were sent validly when they were sent in violation of the Civil Code and HBOR"; and (ii) failing to "provide communication, requested documents, return[] telephone calls or contact information needed to apply for loss mitigation to borrowers of first lien mortgagee."  FAC, ¶¶ 45-52.

The UCL prohibits any unlawful, unfair or fraudulent business act or practice. *See* Cal. Bus. & Prof. Code § 17200. When analyzing a UCL claim, courts consider each of the three prongs to determine whether a practice is unlawful, unfair, or

1  fraudulent. *See Cel–Tech Comms., Inc. v. Los Angeles Cellular Telephone Co.*, 20
2  Cal. 4th 163, 180 (1999). Under a UCL claim, damages cannot be recovered, and a
3  plaintiff is generally limited to injunctive relief and restitution.  *See Buckland v.*
4  *Threshold Enterprises, Ltd.,* 155 Cal. App. 4th 798, 812 (2007).

### 1.    Plaintiffs lack standing under the UCL.

6          A claim for unfair competition under the UCL may be brought "by a person
7  who has suffered injury in fact and has lost money or property as a result of the unfair
8  competition."  Cal. Bus. & Prof. Code § 17204.  To establish standing under the UCL,
9  a plaintiff must: (1) establish a loss or deprivation of money or property sufficient to
10 qualify as injury in fact (*i.e.*, economic injury); and (2) show that that economic injury
11 was the result of (*i.e.*, caused by) the unfair business practice that is the gravamen of
12 the claim.  *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 337 (2011).  There is
13 no causation "when a complaining party would suffer the same harm whether or not a
14 defendant complied with the law."  *Daro v. Superior Court*, 151 Cal. App. 4th 1079,
15 1099 (2007).

16         As an initial matter, Plaintiffs lack standing to assert a claim under the UCL
17 because they have not suffered any economic injury caused by the alleged unfair
18 competition.   To start, as Plaintiffs admit, the Subject Property has not been
19 foreclosed, hence, they have not lost any property.  Moreover, Plaintiffs do not allege
20 that they have made any payments to Defendants in connection with the Third Loan
21 that are subject to restitution.  As such, Plaintiffs cannot demonstrate any loss of
22 money or property caused by Defendants to confer standing under the UCL.

### 2.    Unlawful

24         A violation of another law is a predicate for stating a cause of action under the
25 UCL's "unlawful" prong.  *See Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App.
26 4th 1544, 1554 (2007).  A claim for violation of the UCL stands or falls depending on
27 the fate of antecedent substantive causes of action. *Krantz v. BT Visual Images*, 89
28 Cal. App. 4th 164, 178 (2001).  As discussed herein, Plaintiffs have failed to establish

**MEMORANDUM OF POINTS AND AUTHORITIES**
855677.1

1    that Defendants engaged in any unlawful conduct. Absent a viable underlying claim,

2    Plaintiffs cannot state a separate claim under the unlawful prong of the UCL.

3         **3.     Fraudulent**

4         A business practice is "fraudulent" within the meaning of section 17200 if it is

5    "likely to deceive the public." *McKell v. Washington Mutual, Inc*., 142 Cal. App. 4th

6    1457, 1471 (2006).  Claims under the fraudulent prong of the UCL must be pled ***with***

7    ***particularity*** under Federal Rule of Civil Procedure 9(b).  *See Kearns v. Ford Motor*

8    *Co*., 567 F. 3d 1120, 1127 (9th Cir. 2009).  Therefore, a plaintiff "must include a

9    description of the 'time, place, and specific content of the false representations as well

10   as the parties to the misrepresentations.'"  *In re Facebook PPC Advertising Litigation*,

11   2010 WL 3341062, at *9 (N.D. Cal. 2010) (quoting *Swartz v. KPMG LLP*, 476 F. 3d

12   756, 764 (9th Cir. 2007)).

13        Plaintiffs' allegations come nowhere close to meeting the stringent

14   requirements of Rule 9(b) pleading standards.  The FAC consists of a series of

15   conclusory allegations without identifying any specific misconduct that has directly

16   affected Plaintiffs.  Plaintiffs do not plead any factual allegations whatsoever to

17   suggest that they have been deceived, let alone, allegations establishing that

18   Defendants' conduct deceived the public at large.  In particular, Plaintiffs fail to allege

19   facts (e.g., who, what, where, how, and why) surrounding the purported "deceptive

20   business practices" alleged in the FAC. Accordingly, the FAC fails to state a claim for

21   relief under the "fraudulent" prong of the UCL.

22        **4.     Unfair**

23        "Unfair" conduct has been defined as conduct that "offends an established

24   public policy or…is immoral, unethical, oppressive, unscrupulous or substantially

25   injurious to consumers." *Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 939

26   (2003). A UCL claim based on public policy must be "tethered" to a specific

27   constitutional, statutory or regulatory provision to provide an objective basis for

28   determining whether the alleged conduct is unfair. *Id*. at 940. To succeed on an

16

**MEMORANDUM OF POINTS AND AUTHORITIES**

1    "unfair claim," the injury must be outweighed by the benefits to the consumers and

2    must be one that consumers could not reasonably avoid. *See Camacho v. Auto. Club of*

3    *S. California*, 142 Cal. App. 4th 1394, 1403 (2006).

4          Plaintiffs do not allege any facts that show Defendants engaged in unfair

5    business practices.   Plaintiffs contend that the NOD and NOS were improperly

6    recorded in violation of HBOR.   FAC, ¶ 48.   However, as discussed *supra*, Plaintiffs

7    are not borrowers on the Third Loan as defined under HBOR and the Third Loan is

8    not a covered Loan under HBOR.   Plaintiffs also complain that Defendants failed to

9    provide them information "needed to apply for loss mitigation to borrowers of first

10   lien mortgagees."   FAC, ¶ 48.   However, Plaintiffs are not borrowers on the Third

11   Loan, nor is the Third Lien a first lien mortgage.   In turn, Plaintiffs were not entitled

12   to receive any information regarding the Third Loan absent proper authorization from

13   the Borrowers.   As Plaintiffs admit in their FAC, once Ocwen received the proper

14   authorization forms, Ocwen duly updated its records to reflect that Plaintiffs were

15   "authorized to receive and discuss information regarding the loan."   FAC, Ex. V.

16   Plaintiffs fail to establish a violation of the "unfair" prong of the UCL.

17         In sum, Plaintiffs fail to allege any facts supporting a claim under any of the

18   three prongs under the UCL.   Accordingly, Plaintiffs' claim should be dismissed

19   without leave to amend.

20         **C.      The FAC Should be Dismissed Without Leave to Amend**

21         Courts have discretion to deny leave to amend if it determines that the pleading

22   could not possibly be cured by the allegation of other facts.   *Doe v. United States*, 58

23   F.3d 494, 497 (9th Cir. 1995).

24         Here, Plaintiffs have already amended their complaint without curing any of the

25   fatal defects that undermine their claims.   Further amendment would be futile as

26   Plaintiffs' claims arise under the provisions of HBOR which are inapplicable to

27   Plaintiffs and the Third Loan as a matter of law.   In particular, Plaintiffs have no

28   standing to assert any claims under HBOR because they are not "borrowers" as

**MEMORANDUM OF POINTS AND AUTHORITIES**

1    defined under the statute and the Third Loan is not a covered loan under HBOR.

2    Accordingly, Plaintiffs' legally defective claims will not and cannot be cured by a

3    *second* amendment.  Defendants respectfully request that the Court dismiss the FAC

4    against Defendants, without leave to amend.

5    **VI.**    **CONCLUSION**

6    For the reasons set forth herein, Plaintiffs' FAC should be dismissed.  As

7    amendment would be futile, the dismissal should be without leave to amend.

8

9    DATED:  March 29, 2017       **McGLINCHEY STAFFORD**

10

11              By: _/s/  Kevin S. Kim_

12                 KEVIN S. KIM
                 BRIAN A. PAINO

13              Attorneys for Defendants
             **THE BANK OF NEW YORK MELLON**

14              **TRUST COMPANY, N.A., F/K/A THE**
             **BANK OF NEW YORK TRUST**

15              **COMPANY, N.A., AS SUCCESSOR-IN-**
             **INTEREST TO JPMORGAN CHASE**

16              **BANK, N.A., AS TRUSTEE FOR MASTR**
             **ADJUSTABLE RATE MORTGAGE**

17              **TRUST 2005-2, MORTGAGE PASS-**
             **THROUGH CERTIFICATES, SERIES**

18              **2005-2 AND OCWEN LOAN SERVICING,**
             **LLC**

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2

3      **STATE OF CALIFORNIA**      )
                                      )      **ss.**
4      **COUNTY OF ORANGE**          )

5      I, Stephanie Elizondo, declare:

6      I am employed in the County of Orange, State of California.  I am over the age of 18
       and not a party to the within action.  My business address is 18201 Von Karman Ave.,
7      Suite 350, Irvine, California 92612.

8      On March 29, 2017, I served the document(s) described as **MEMORANDUM OF
       POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
9      PLAINTIFFS' FIRST AMENDED COMPLAINT BY DEFENDANTS THE
       BANK OF NEW YORK MELLON TRUST COMPANY, N.A., F/K/A THE
10     BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR-IN-
       INTEREST TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR
11     MASTR ADJUSTABLE RATE MORTGAGE TRUST 2005-2, MORTGAGE
       PASS-THROUGH CERTIFICATES, SERIES 2005-2 AND OCWEN LOAN
12     SERVICING, LLC** as follows:

13     ☐      **BY MAIL**:  As follows:

14            ☐      **FEDERAL** – I deposited such envelope in the U.S. mail at Irvine,
                     California, with postage thereon fully prepaid,
15

16     ☒      **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I caused said
              document(s) to be served by means of this Court's Electronic transmission of
17            the Notice of Electronic Filing through the Court's transmission facilities, to the
              parties and/or counsel who are registered CM/ECF users set forth in the service
18            list obtained from this Court.  Pursuant to Electronic Filing Court Order, I
              hereby certify that the above documents(s) was uploaded to the website and will
19            be posted on the website by the close of the next business day and the
              webmaster will give e-mail notification to all parties.
20

21     ☒      **FEDERAL:**  I declare that I employed in the office of a member of the State
              Bar of this Court at whose direction the service was made.
22

23     Executed on March 29, 2017, at Irvine, California.

24

25                                                           *Stephanie Elizondo*
                                                        Stephanie Elizondo
26

27

28

832383.1

**SERVICE LIST**
**USDC, Northern District Case No. 3:17-cv-00383-SK**
**JULIE A. JACKSON, et al. v. OCWEN LOAN SERVICING, LLC, et al.**
**File # 104938.1981**

Adela Z. Ulloa, Esq.
Law Offices of Adela Z. Ulloa, APC
8560 W. Sunset Blvd., Suite 500
West Hollywood, CA  90069

Attorney for Plaintiffs **JULIE A.
JACKSON; and KEVIN C. BUTLER
and ANITA A. BUTLER, as Trustees
of the 1190 Butler Family Trust**

Tel: (424) 274-4620
Fax: (424) 270-1680
Email: adela@azulegal.com